UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------
In re:

BYRON O. & PATRICIA A. STRAUGHN,                Case No. 04-12220

                                         Debtors.
---------------------------------------------------------
APPEARANCES:

ANTONUCCI LAW FIRM                              David C. Antonucci, Esq.
*Attorneys for Debtors*
12 Public Square
Watertown, NY 13601

JERRY CALVIN LEEK, ESQ.
*Attorney for Creditor*
107 S. Canton Rd.
Box 298
Potsdam, NY 13676

ANDREA E. CELLI, ESQ.
*Chapter 13 Standing Trustee*
350 Northern Blvd.
Albany, NY 12204


Hon. Robert E. Littlefield, Jr., U.S. Bankruptcy Judge


**MEMORANDUM-DECISION AND ORDER**

      The current matters before the court are the objection to confirmation of the Amended Chapter 13 Plan of Byron O. and Patricia A. Straughn (collectively the "Debtors") and the motion for relief from the automatic stay provided by 11 U.S.C. § 362 filed by Rent Way, Inc. ("Rent Way"). The Debtors filed a response to Rent Way's objection and motion. At the conclusion of the combined hearing on confirmation of the Debtors' plan and Rent Way's motion for relief from the automatic stay, the court agreed to take these matters under

1

submission and provided the parties with an opportunity to file memoranda of law.

The court has jurisdiction over the subject matter of these proceedings pursuant to 28 U.S.C. §§ 151, 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (L).

## FACTS

The following constitute the court's findings of fact pursuant to Federal Rule of Civil Procedure 52, as made applicable here by Federal Rule of Bankruptcy Procedure 7052.

1. Between September 15, 2003 and October 27, 2003, Mrs. Straughn executed eight Consumer Rental-Purchase Agreements with Rent Way (the "Agreements") providing for weekly payments for the use of the following personal property: 2 portable DVD players - 7" widescreen; 7.2CF chest freezer; 52" HD-digital PTV; 17"monitor and 2.2 GHZ Celeron CPU with CD-RW/DVD, and a dresser, mirror, headboard, and night stand (the "Personal Property").

2. The initial term of the Agreements was one week, which was renewable if certain conditions, stated therein, were met.

3. Under the Agreements, the Debtors were not obligated to renew beyond the initial term, and they could terminate the Agreements at any time, upon return of the Personal Property to Rent Way, without further obligation.

4. The Agreements state that the Debtors do not own the property and will not acquire ownership rights until they pay either the "Early Purchase Option" price or the "Total Cost."

5. The Debtors filed for relief under Chapter 13 of Title 11 of the United States Code ("Code") on April 5, 2004.

6. The Debtors listed Rent Way in their Voluntary Petition as a holder of a claim in the amount of $5,517.42 secured by a lien against "furniture."

7. The Debtors' Amended Plan, filed June 30, 2004, proposes to pay Rent Way's claim in full with interest at 6%.

8. The Debtors' weekly payments to Rent Way under the Agreements were in default pre-petition.
9. The Debtors have made no payments to Rent Way post-petition.

10. The Debtors remain in possession of the Personal Property.

**ARGUMENTS**

Rent Way objects to confirmation of the Debtors' Amended Plan on the basis that it improperly classifies it as a secured creditor rather than a lessor. Rent Way argues that the Agreements are true leases pursuant to New York Personal Property Law, Article 11, § 500 *et seq*. ("Article 11"), and not disguised security agreements. As such, Rent Way asserts that the Debtors' Amended Plan must either accept or reject the Agreements. Further, if the Debtors elect to accept the Agreements, it is Rent Way's position that the Debtors must promptly cure any existing defaults under the Agreements pursuant to Code § 365. Alternatively, if the Debtors wish to reject the Agreements, the Personal Property must be returned to Rent Way.

The Debtors counter by stating that the Agreements are outside the ambit of Article 11. In support of their position, the Debtors assert (1) there is no specific decretal paragraph in the Agreements identifying the term of the contracts, (2) Rent Way may not terminate the Agreements at any time, and (3) under the Agreements, Rent Way is committed to a term greater than 4 months. As such, the Debtors argue the Agreements are more properly characterized as security agreements governed by the New York Uniform Commercial Code ("NYUCC").

**DISCUSSION**

In determining the existence, nature, and extent of a security interest in personal property, we must defer to state law. *Butner v. United States*, 440 U.S. 48 (1979); *In re Owen*, 221 B.R. 56, 60 (Bankr. N.D.N.Y. 1998) (citing *In re Edison Bros. Stores, Inc.*, 207 B.R. 801, 807 (Bankr. D.Del. 1997)). Although the Agreements do not contain a choice-of-law provision, the Debtors reside in New York, Rent Way has a place of business in New York, and the Agreements were executed in New York. Thus, the court will apply New York law as New York clearly has an

Case 04-12220-1-rel    Doc 46    Filed 05/11/05    Entered 05/11/05 13:14:58    Desc Main
                                Document         Page 4 of 6

interest in the subject transactions.

      Section 1-201(37) of the NYUCC defines "security interest" and provides a list of relevant factors to be considered in determining whether a transaction that appears to create a security interest in property is actually a lease. NYUCC § 1-201(37) (McKinney's 2002). Whether a transaction creates a lease or security interest is determined by the facts of each case. *Id.*

      With the enactment of Article 11 in 1986, the New York legislature recognized rental purchase agreements as a distinct category of lease agreements. This new law, entitled "Rental-Purchase Agreements," sought to regulate the conduct of retail businesses engaged in the leasing of furniture, appliances and consumer goods and codified certain consumer rights in the rent-to-own industry. A rental purchase agreement is defined under Article 11 as

> [A]n agreement for the use of merchandise by a consumer for personal, family, or household purposes, for an initial period of four months or less, that is renewable with each payment after the initial period and that permits the lessee to become the owner of the property. An agreement that complies with this article in not a retail installment sales contract, agreement or obligation as defined in this chapter or a security interest as defined in subdivision thirty-seven of section 1-201 of the uniform commercial code.

NYPPL § 500(6) (McKinney's 1992).

      Rental purchase agreements are enforceable provided they comply with certain disclosure requirements. (NYPPL §§ 501, 502). Limits are also placed on advertising (*Id*. § 505), and a statutory mechanism exists for consumers to recover damages when a merchant violates the law (*Id*. § 507). Provided that the Agreements are within the purview of Article 11, these statutory provisions control, and the court would not need to discuss Mr. Antonucci's analysis of case law regarding whether a contract represents a purchase agreement or a true lease.

After reviewing the Agreements, the court finds they fall within the definition of "rental purchase agreement" contained in Article 11 (NYPPL § 500(6)). Specifically, each of the Agreements provides for (1) the use of personal property by a consumer for household purposes; (2) an initial rental period of less that 4 months, namely 1 week,[1] (3) the initial period to be automatically renewed with each payment; and (4) the Debtors to become the owners of the merchandise, while retaining the right to terminate the agreement at any time by ceasing payments and returning the merchandise. In addition, all disclosure required by the law are present in the Agreements, and they do not appear to contain any provisions prohibited by Article 11. Despite Mr. Antonucci's arguments that Rent Way is unable to terminate the Agreements and is bound to a term longer than four months, Article 11 was enacted for the protection of the consumer/lessee against unfair or deceptive acts and practices, and not the owner/lessor.

Other bankruptcy courts analyzing similar rent to own statutes enacted in other states have also concluded that they create a distinct category of personal property leases. *In re Minton,* 271 B.R. 335 (Bankr. W.D. Ark. 2001); *In re Stellman*, 237 B.R. 759 (Bankr. D. Idaho 1999); *In re Street*, 214 B.R. 779 (Bankr. W.D. Pa. 1997); *In re Rigg*, 1998 B.R. 681 (Bankr. N.D.Tx. 1996); *Rent-A-Center, Inc. v. Mahoney*, 153 B.R. 174 (E.D. Mich. 1992).

Based upon the foregoing , the court concludes that the Agreements are true leases and not sales agreements with retained security interests subject to NYUCC. As such, the Agreements must either be accepted or rejected by the Debtors pursuant to Code § 365 and are

---

[1] The Agreements provide a "weekly rent" but also a "cost disclosure" calculated on a semi-monthly basis.

not properly included in the Debtor's Amended Plan as presently proposed.  Accordingly, it is

ORDERED, that Rent Way's objection to confirmation is sustained; and it is further

ORDERED, that Debtors shall have 20 days from the date hereof to file a second amended plan and notice the same for a confirmation hearing; and it is further

ORDERED, that if the Debtors elect to assume the Agreements pursuant to Code § 365, ongoing payments to Rent Way shall commence immediately; and it is further

ORDERED, that if a second amended plan is not filed and noticed for confirmation as ordered herein, Rent Way's request for relief from the automatic stay pursuant to Code § 362 shall be granted upon presentment of an ex-parte order.

Dated:    5/11/05                                    /s/ Robert E. Littlefield, Jr.
                                                     _____
                                                     Hon. Robert E. Littlefield, Jr.
                                                     U.S. Bankruptcy Judge